UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN MICHAEL HASKEW,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>UNITED STATES OF AMERICA,  )<br>  )<br>Defendant.  )<br>  ) | Civil Action No. 1:25-cv-02033 (UNA) |

**MEMORANDUM OPINION**

Plaintiff has filed a *pro se* Complaint ("Compl."), ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants the IFP Application, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff, a resident of Lakeland, Florida, sues the United States and Coca-Cola. *See* Compl. at 1. The allegations are cryptic and difficult to follow. Plaintiff focuses largely on the annual swearing-in ceremony of the midshipmen at the Naval Academy, and he "prays the court order the President to deliver a commission to each person that says the oath," because the midshipmen are considered officers of the United States. *See id*. at 1–3. He then pivots to a different topic, alleging that Defendant Coca-Cola refuses to acknowledge that a coin that he possesses "entitles [him] to one thousand bottles of Coca-Cola from the year 1915." *See id*. at 1. Even if the latter claim could be better understood, it is completely unclear what connection it has, if any, with his claims regarding the swearing-in ceremony.

First, Federal Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-

79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  Here, Plaintiff has presented an amalgamated and ambiguous Complaint, and as pleaded, it fails to provide adequate notice of a claim to Defendants or the Court, and has further failed to establish this Court's subject matter jurisdiction.

Second, Plaintiff has failed to establish standing for his claim regarding the swearing-in ceremony.  Article III judicial power exists only to redress or otherwise to protect against injury to the complaining party and a plaintiff generally must assert their own legal rights and interests and cannot rest their claim to relief on the legal rights or interests of third parties. *Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 794–95 (D.C. Cir. 2010); *Singh v. Carter*, 185 F. Supp. 3d 11, 21 n. 4 (D.D.C. 2016).  A party has standing for purposes of Article III if he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)).  Plaintiff does not meet any of these required elements.

For all of the foregoing reasons, the Complaint, ECF No. 1, and this case, are dismissed without prejudice.  A separate Order accompanies this Memorandum Opinion.

Date:   September 4, 2025              _____/s/_____
                                        JIA M. COBB
                                        United States District Judge